# O'Rourke, Appellant, v. Philadelphia.

*Municipal contracts—Contract in writing—Extra work—Act of June 1, 1885, P. L. 37.*

Where a city contractor signed a municipal contract protesting that certain of the work mentioned in the contract was not in the specifications submitted to him, and that he would claim for the extra work, and it appears that the contract on its face shows that it was executed under and subject to the Act of June 1, 1885, P. L. 37, the contractor after having done the work mentioned in the contract and received the price therein stipulated, cannot maintain a suit against the city for the work included in the contract and not mentioned in the specifications, although a city ordinance was passed by a two-thirds vote of each branch of council and signed by the mayor, appropriating money for the payment of such work.

MITCHELL, C. J., dissents.

Argued Jan. 16, 1905. Appeal, No. 165, Jan. T., 1904, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1899, No. 130, sustaining exceptions to report of referee in case of Michael O'Rourke v. City of Philadelphia. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Assumpsit for work done on municipal improvements.

Exceptions to report of Joseph W. Gross, Esq., referee.

The opinion of the Supreme Court states the case.

*Errors assigned* were in sustaining exceptions to report of referee.

*Edwin Jaquett Sellers* and *John G. Johnson,* for appellant.— Plaintiff was entitled to recover : Wright v. Philadelphia, 8 W. N. C. 141 ; Gate v. Philadelphia, 14 W. N. C. 274 ; Doll v. Philadelphia, 16 Phila. 142 ; Philadelphia v. Hays, 93 Pa. 72 ; Silsby Mfg. Co. v. Allentown, 153 Pa. 319 ; Shiloh Street, 165 Pa. 386 ; Amberson Ave., 179 Pa. 634 ; Chester v. Eyre, 181 Pa. 642 ; Harrisburg v. Shepler, 7 Pa. Superior Ct. 491.

*James Alcorn*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee.—It is well established that the city of Philadelphia cannot be liable for work done for it except under a contract in writing duly executed as required by the Act of June 1, 1885, P. L. 37 : Smart v. Philadelphia, 205 Pa. 329; McManus v. Philadelphia, 201 Pa. 619 ; Hepburn v. Philadelphia, 149 Pa. 335; Malone v. Philadelphia, 147 Pa. 416.

The plaintiff cannot recover for the work as extra work, nor can he recover unless he has a contract in writing as required by the act of 1885 : Addis v. Pittsburg, 85 Pa. 379.

OPINION BY MR. JUSTICE MESTREZAT, March 6, 1905 :

The plaintiff by a contract in writing, dated April 24, 1897, agreed " to grade Grant street (cartway) from Academy Road to the New York Division of the Pennsylvania Railroad, the work of grading to include, without additional allowance or compensation, the construction of the necessary sewers and drains and two temporary wooden bridges over a branch of Poquessing creek ; also remacadamizing and all other work incident to the grading in strict and exact accordance with the proposal and specifications hereto attached." It was also stipulated that the contract was entered into under and subject to the provisions of the Act of June 1, 1885, P. L. 37, requiring all city contracts to be in writing, and that the total amount to be expended for the work to be done under the contract " shall in no event exceed the sum of $21,000." By a supplemental agreement this amount was increased to $23,400. The plaintiff did the work called for in the agreement, and was paid by the city the full amount named in the agreement.

This is an action of assumpsit to recover $13,680.50, which the plaintiff alleges is due him for work done in constructing certain sewers and drains and remacadamizing, part of the work agreed to be done by him in his contract with the city to grade Grant street. He alleges that the bureau of highways sent out the specifications for the work to be done on Grant street which he received, but which did not include the work for which compensation is claimed in this suit; that subsequently and prior to letting the contract for the work they recalled these specifications from some of the parties to whom

they had been sent, but not from him, and sent out other specifications containing a special notice requiring the additional work claimed for in this action; that he had no notice of the change in the specifications and his bid was based on the original specifications; that after the contract had been awarded him he sent a letter to the director of public works advising him of his ignorance of the additional work required by the special notice at the time he bid, and that he would sign the contract under protest and complete the work and thereafter demand additional compensation for the work required by the special notice. The right of the plaintiff to recover in this action is set forth in the following averment of his statement: " The said plaintiff avers that the defendant concurring with him agreed that for said work he was entitled to extra compensation, and accordingly by an ordinance approved December 31, 1898, which was passed by a two-thirds vote of each branch of councils did appropriate the sum aforesaid in the words following, that is to say: ' Item 27—To pay for sewers and drains built on the line of Grant street between the Philadelphia and Trenton Railroad and Academy Road—Thirteen thousand, six hundred and eighty dollars and fifty cents.' " The court below held that the plaintiff was not entitled to recover and entered a judgment against him from which this appeal was taken.

The facts of the case are not disputed. The plaintiff's position is thus stated in his printed argument: " The plaintiff relies upon the contract executed in accordance with the requirements of the act cited (June 1, 1885), and which includes the work performed. But he relies for additional compensation for such work upon the subsequent appropriating ordinance. . . . There is no dispute as to whether the work was done under contract; that is conceded. A contract for the work, therefore, is shown. The question now is whether the municipal legislature may appropriate extra compensation."

There is but a single question involved in this appeal, and it is whether councils can by the ordinance presented as the basis of this claim bind the city to pay for work done in pursuance of a written contract for which the city has paid the price stipulated in the contract. To state the question would

seem to be a full and complete answer to it against the contention of the plaintiff. We have time and again held, and it is therefore settled, that a strict adherence to the provisions of the act of 1885 requiring contracts with the city to be in writing will be enforced, and that he who asserts and attempts to enforce any agreement or liability against the city must produce a duly executed contract in writing, signed by an officer authorized to make the same: Smart v. Philadelphia, 205 Pa. 329. The plaintiff relies upon the contract, but, as is apparent, it is only to the extent that it authorizes him to do the work. That far he recognizes its binding effect, but he seeks to evade its other stipulations which fixed the compensation he was to receive for performing the work. The contract in terms is made subject to the act of 1885, and provides specifically that the work to be done shall "include without additional allowance or compensation the construction of the necessary sewers and drains." It is, therefore, beyond any dispute that the work for which the plaintiff is seeking compensation in this suit was included in the work which he agreed to do in his written agreement for the compensation therein named and which he concedes he has received in full. This is a complete defense to this action, and the learned court was clearly right in directing judgment to be entered in favor of the city.

It is urged, however, on the part of the plaintiff that he was misled by the specifications furnished him by the city officials on which he tendered his bid which was accepted and on which the contract was awarded him. It is also claimed that he signed the contract under protest and agreed to complete the work that he might be eligible as a bidder for future work of the city. He alleges, and it is admitted, that he advised the director of public works of the change in the specifications and that he would claim additional compensation for the construction of the sewers and drains. It is upon these grounds, the plaintiff contends, that the councils were justified in passing the ordinance which he claims as a basis for a recovery in this action. But conceding these allegations to be true, he utterly fails to establish a valid claim against the city, or to show sufficient efficacy in the ordinance to sustain his demand. If the plaintiff was misled in bidding by the specifications furnished him

by the city officials, it cannot affect his contract, as he admits that when he signed the agreement he knew its contents and that it included the work of constructing the sewers and drains. He, therefore, entered into the contract with full knowledge that it required him without additional compensation to do the work for which he seeks remuneration here. Nor can his protest avail him. He was not compelled to sign the contract. When he discovered that, as he alleges, the rate at which he bid would not justify him in doing the additional work required by the special notice, he should have declined to enter into the contract and to assume the obligations it imposed. The ostensible fear that if he pursued this rational course he would be branded as a defaulting bidder by the city officials will not relieve him from his contract, executed voluntarily and with a full knowledge of it contents.

The ordinance declared upon will not support the action. It appropriates money to the department of public works to pay for the construction of the sewers and drains on Grant street. But before any person can sustain a claim against the city for compensation for the work he must, as we have seen, show that it is due him by a contract in writing, signed by the proper city officer. Until the plaintiff presents a demand showing a liability on the part of the city imposed by a written contract, he cannot enforce payment of his claim against money appropriated by the ordinance in question to the department of public works. If councils may by an ordinance of this character impose a liability on the city for claims for grading streets and constructing sewers and drains without a contract executed in accordance with the act of 1885, the statute is rendered nugatory and its purpose, the protection of the city, is completely frustrated. It is not pretended that this claim for " extra compensation " is for work done in pursuance of a written agreement other than that of 1897, and the plaintiff having received the compensation stipulated in that contract for the performance of this work, his claim in this action is not supported by a contract in writing and, hence, the money appropriated by the ordinance in question cannot be made available in satisfaction of it.

The assignments of error are overruled and the judgment is affirmed.

Mr. Chief Justice Mitchell, dissenting:

The plaintiff's is admittedly a just claim for work which was done by him but which through no fault of his, was not included in his written contract. If the defendant were a private party it is conceded that there would be no defense, but defense is made here altogether on technicalities. If the city is really without power to pay its honest debts the result must be acquiesced in, however discreditable. If the act of 1885 alone is looked at there is basis for argument to that effect. The act of 1885, however, is intended to make provision for ordinary contracts in the current business of the city, and these it requires to be executed in the prescribed forms. But the Act of May 23, 1874, P. L. 230, in section 5, provides for this very kind of case by authorizing ordinances to pay contractors extra compensation after the services have been rendered or the contracts made, provided such ordinances are passed by a two-thirds vote and approved by the mayor. Councils desiring to be honest passed an ordinance making an appropriation for plaintiff's claim. It was passed by the requisite two-thirds vote and was approved by the mayor.

Two objections are made to the application of this ordinance, first, that it does not name the plaintiff. This is true, but it specifically appropriates the exact sum due him " to pay for sewers and drains built on the line of Grant street," etc., describing the work in terms that include the plaintiff and exclude all others. There is not the slightest room for doubt that the plaintiff was intended, and the referee so found as a fact, which has not been excepted to.

The second objection is that in December, 1899, councils by ordinances transferred the sum previously appropriated for this work, to other uses. This so far as shown by the evidence was done in the ordinary course of legislation at the end of the year. The appropriations for the multifold requirements of the city being made in advance upon estimates, some naturally fall short while others leave a surplus. At the end of the year it is customary to transfer the surplus balances to cover the deficits and thus bring the totals of appropriations and expenditures into harmony. A transfer of this kind is not a repeal of the appropriation though it does remove the money from its place on the department books, so that it is no longer available

for payment in the ordinary way by warrant drawn on the treasurer. But the promise to pay implied in the appropriation still remains, and is the sufficient foundation for an action of assumpsit. Both objections to the ordinance for paying appellant are technicalities of the narrowest kind, are unsound in principle and have no claim to be favored. Courts are not required to be astute to enable even cities to evade payment of their honest debts. I would reverse this judgment and enter judgment for the appellant, on the award of the referee.