Commonwealth *v.* Brown, Appellant.

Submitted March 20, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Edward Walter Brown*, appellant, in propria persona.

*Thomas A. Pitt, Jr.*, Assistant District Attorney, and *A. Alfred Delduco*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 20, 1967:

This is an appeal from the dismissal without hearing, of a petition for post-conviction relief. Petitioner, Edward Walter Brown, received a sentence of five to ten years on his guilty pleas to the crimes of robbery and robbery with accomplice.

On appeal, petitioner argues that he should be granted a new trial because a conflict of interest arose for his defense counsel, who represented both the petitioner and Gray, a co-defendant.

The rule has been well stated: "If, in the representation of more than one defendant, a conflict of interest arises, the mere existence of such a conflict vitiates the proceedings, even though no *actual* harm results." *Commonwealth ex rel. Whitling v. Russell*, 406 Pa. 45, 48, 176 A. 2d 641 (1962). *Commonwealth v. Meehan*, 409 Pa. 616, 617, 187 A. 2d 579 (1963). Cf. *Commonwealth ex rel. Bronzell v. Myers*, 205 Pa. Su-

perior Ct. 375, 208 A. 2d 871 (1965). *Commonwealth ex rel. Gass v. Maroney*, 208 Pa. Superior Ct. 172, 220 A. 2d 405 (1966).

A careful review of the record reveals the following discussion among the court, the district attorney, and defense counsel:

"Mr. Halpren: [For the Commonwealth] May I say something, Your Honor, with regard to Gray, although he voluntarily admitted his guilt and signed a statement by reason of which we anticipated Gray would be a Commonwealth witness, we had reason to believe, we found out this morning after he entered his plea of guilty that he was not going to testify in accordance with the statement that he gave and was going to testify that it was not Brown who was with him but someone, else. . . .

"Mr. Perna: [For the defendant] In that respect I might add that earlier this morning I asked for a continuation of the matter and for leave to withdraw my appearance for Gray; we did not intend or plan to put Gray on the stand; he had told me the same thing, but we had not planned putting him on the stand because we did not feel it would serve a useful purpose because that would leave the door to be opened.

"The Court: Gray could have testified for the Commonwealth.

"Mr. Perna: He could have, but I am just mentioning what I know, that we weren't going to put him on the stand.

"The Court: For the defendant or the Commonwealth?

"Mr. Perna: For the defendant.

"The Court: He could not without committing perjury.

"Mr. Perna: It would serve no purpose for putting him on the stand; we did not put too much faith on him so far as this offense is concerned."

In short, the record reflects that at one time it was contemplated that Gray would testify in defense of his co-defendant Brown. It further appears that defense counsel decided that Gray should not so testify. Why defense counsel made such a choice is not ascertainable from the record. It is possible, however, that counsel decided that Gray should not testify for fear that this might result in the imposition of a harsher punishment upon him.

It is not for us to speculate as to these matters, however. Accordingly, the order of the lower court is vacated and the record is remanded with directions to hold a full hearing, after which petitioner's allegation of conflict of interest may be passed upon in light of this opinion. Should the lower court decide that no conflict of interest existed, the petition should be dismissed. Should the lower court determine, however, that such conflict of interest did exist, the lower court should grant the petition and order a new trial.

Order vacated and record remanded in accordance with the instructions set forth hereinabove.