Commonwealth *v.* Robertson, Appellant.

Submitted June 12, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*William A. Robertson,* appellant, in propria persona.

*Ralph B. D'Iorio* and *Vram Nedurian, Jr.,* Assistant District Attorneys, *John R. Graham,* First Assistant District Attorney, and *Paul R. Sand,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 15, 1967:

This is an appeal from the dismissal, without hearing, of a petition for post-conviction relief.

In December, 1962, William A. Robertson, and his codefendant, Donald Gary Anthony, were arrested and charged with larceny, receiving stolen goods and re-

lated charges. Both defendants, represented by the same court-appointed counsel, entered guilty pleas on all counts. Anthony's plea, however, was later withdrawn upon a motion by counsel. The trial court then instructed the district attorney to enter a nol pros. as to Anthony.

On appeal petitioner contends that his trial and conviction were vitiated by a conflict of interest on the part of defense counsel. A careful scrutiny of the record reveals the following interchange between the court and appointed counsel:

"Mr. Jacobson (For the defendant) : Your honor, at this time on behalf of Donald Gary Anthony I am going to withdraw his plea of guilty and plead him not guilty and let him stand trial. . . . Robertson admits . . . to having, well his version of the story is that he was given the car, he was loaned the car.

"The Court: You do not believe that?

"Mr. Jacobson: No, I don't; that is why I am not withdrawing the plea. . . . But I don't feel that Anthony is implicated.

"The Court (To Robertson) : . . . Well, I think you are the one that got this young man Donald Gary Anthony into trouble. I do not think Anthony is guilty of anything. . . .

"Mr. Jacobson: That is what I was trying to say before, your honor."

The law is well settled that: "If, in the representation of more than one defendant, a conflict of interest arises, the mere existence of such a conflict vitiates the proceedings, even though no *actual* harm results. The potentiality that such harm *may* result, rather than that such harm *did* result, furnishes the appropriate criterion." *Commonwealth ex rel. Whitling v. Russell,* 406 Pa. 45, 48, 176 A. 2d 641, 643 (1962). *Commonwealth ex rel. Gass v. Maroney,* 208 Pa. Superior Ct. 172, 220 A. 2d 405 (1966).

In the instant case the potentiality for harm readily appears. No doubt counsel honestly believed that the older and more experienced Robertson had led the younger man into the crime. There is reason to fear, however, that counsel's efforts on behalf of Anthony may have been at petitioner's expense. It is quite possible that in seeking to save Anthony counsel may have failed adequately to protect petitioner's rights. Had he not been so concerned to exonerate Anthony, he might have hesitated before expressing his view as to the relationship between the two defendants. He might also have given further consideration to withdrawing petitioner's guilty plea.

"The very purpose of the rule which prohibits an attorney from representing conflicting interests is to preclude such an attorney from putting himself in a position where he may be required to choose between conflicting duties. . . ." *Commonwealth ex rel. Whitling v. Russell,* at p. 49. *Commonwealth ex rel. Gass v. Maroney,* supra, at p. 174. In the instant case, it will be necessary for the lower court to hold a full hearing to determine whether petitioner's right to the effective assistance of counsel was denied by reason of his attorney's conflict of interest.

The order of the court below is vacated and the record is remanded to that court with directions to hold a hearing on the petition.