**UNITED STATES of America ex rel. James J. PALLADINO**

v.

**John I. GABLE, Warden, Delaware County Prison.**

**Misc. No. 3561.**

United States District Court
E. D. Pennsylvania.

Jan. 15, 1968.

Herman Bloom and Herbert K. Fisher, Philadelphia, Pa., for petitioner.

Paul R. Sand, Dist. Atty., for respondent.

## OPINION AND ORDER

BODY, District Judge.

The relator, James J. Palladino, has been tried and convicted by the state court of bookmaking and of operating a gambling establishment.[1] The sole question presented by this habeas corpus petition concerns the constitutional validity of the warrants which authorized the relator's arrest, the search of the apartment which he occupied, and the seizure of certain gambling paraphernalia found therein. The evidence seized under the authority of the warrants was admitted at the relator's trial, and was practically the only evidence presented by the Commonwealth to sustain the relator's conviction.

Palladino contends that the complaint and affidavit which were the sole basis for the issuance of the warrants did not contain sufficient underlying circumstances to afford the magistrate grounds for finding probable cause; and that therefore the warrants must be declared constitutionally inadequate under the authority of Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

The relevant facts are as follows. On October 25, 1965 two state police officers applied to a Justice of the Peace for the search and arrest warrants at issue. The complaint specified that one of the officers, under oath, swore that there were "just and reasonable grounds for believing * * * that certain gambling devices and paraphernalia to wit slips of paper containing horse bets, numbers plays, settling up sheets, Daily Armstrong News Reviews and other paraphernalia pretaining [sic] to Bookmaking business and numbers writting [sic]" could be found in a particular apartment occupied by Palladino and another individual. The complaint was supported by an accompanying affidavit, which again swore

That the facts upon which the affiant relies and verily believes are as follows: That on or about the 25th day of October, 1965, and divers times in the past two years, James Palladino has been accepting horse and number bets over telephone numbers, LE 4–7447 and 521–2714. Information is based on information supplied by an informant who this officers [sic] knows to be relible [sic] and has furnished information in the past. Also on surveillance of this officer.

■ There is no evidence that any information other than that contained in the affidavit and complaint was presented to the Justice of the Peace. It is clear that in determining the validity of

1. Palladino's conviction was affirmed on appeal. Commonwealth v. Palladino, 209 Pa.Super. 257, 226 A.2d 201 (1967) (two judges dissenting) ; his petition for allocatur to the Pennsylvania Supreme Court was denied on May 15, 1967. On May 26, 1967 he filed this habeas corpus petition and was granted bail by order of this Court. The facts not being in dispute, counsel for the relator and for the Commonwealth stipulated that the case be decided on briefs and on oral argument, which was held before this Court on December 5, 1967.

a warrant, the reviewing court may consider *only* information brought to the issuing magistrate's attention. Aguilar v. State of Texas, 378 U.S. 108, 109 n. 1, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Thus we must here assume that the warrants were issued solely on the basis of the information contained in the complaint and the affidavit.

█ We hold that the conclusions in the complaint and affidavit were not sufficiently supported by any underlying circumstances which could afford the Justice of the Peace a basis for an independent finding of probable cause; that the warrants were therefore unconstitutionally issued; and that the admission of evidence seized pursuant to the warrants was prejudicial error.

█ If the Fourth Amendment requirement that warrants be issued only upon a judicial finding of probable cause is to be a meaningful protection of privacy, then it is clear that the magistrate who issues the warrant must have information adequate to an independent finding of probable cause. The magistrate must be able to "judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause." Giordenello v. United States, 357 U.S. 480, 486, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503 (1958). And while it is true that an affidavit composed of hearsay, such as the one in this case, may provide a sufficient basis for a finding of probable cause, yet it is also true that a substantial basis for crediting the hearsay must be presented to the magistrate. See Jones v. United States, 362 U.S. 257, 269, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

█ The affidavit supporting the warrants issued in this case was composed essentially of hearsay. In itself, this fact is not fatal to the affidavit's sufficiency. However, we find that no evidence was presented to the Justice of the Peace which could afford him a basis for crediting the hearsay conclusions of the informant.

█ The officer's complaint charged that Palladino was carrying on an illegal gambling establishment in a particular apartment. The charge was a conclusion. The affidavit specified that Palladino had been receiving horse and number bets over particular telephone numbers for two years. Again, the charge was a conclusion. Furthermore, it was a hearsay conclusion obtained from an unidentified informant. The affidavit did explain that the informant was reliable and had provided information in the past. But here again, we are confronted with a conclusion inadequately explained by sufficient underlying circumstances.

It is clear that the conclusions in the affidavits lacked a recital of supportive underlying circumstances. If the magistrate is to perform his detached function of finding probable cause, he must know the circumstances underlying the affidavit's conclusions. For example, the particular affidavit here at issue is deficient for its failure to explain *how* the informant knew that bets were being received by Palladino over the two telephone numbers; thus the Justice of the Peace could not determine the basis for the informant's conclusion. Nor does the affidavit allege that the informant had personal knowledge of the gambling operation. Thus the possibilities of hearsay-on-hearsay-on-hearsay were unlimited. See Aguilar v. State of Texas, 378 U.S. 108, 113, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

The Commonwealth argues that the informant's assertions were adequately corroborated by the officer's own surveillance, as in United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). The affidavit merely asserted that the affiant officer had performed surveillance; it did not explain what the officer might have learned during his surveillance to corroborate the informant's information. Indeed, later trial testimony revealed that the officer merely observed Palladino enter the apartment building (containing twenty-five or more units) wherein the suspected place of operation was located.

The corroborative value of the surveillance was minimal. A recital that the affiant has conducted surveillance which corroborates the informant's information is merely another conclusion devoid of supportive underlying circumstances; it does not assist the magistrate in making an independent decision on the significance of the facts *learned* by surveillance. See United States ex rel. Rogers v. Warden, 381 F.2d 209, 219 (2d Cir. 1967). We are aware of the Supreme Court's warning in *Ventresca*, supra, that courts should not interpret affidavits in a "hypertechnical, rather than a commonsense, manner", 380 U.S. 109, 85 S.Ct. 746 (1965). However, a close reading of the affidavit at issue in *Ventresca* reveals clearly how detailed and specific the *Ventresca* affidavit was in comparison to the affidavit here at issue. See 380 U.S. at 112–116, 85 S.Ct. 741 (1965). The affidavit which we find insufficient in this case is more similar to the affidavit declared insufficient in Aguilar v. State of Texas, 378 U.S. 108, at 109, 84 S.Ct. 1509, at 1511 (1964), which reads:

> "Affiants have received reliable information from a credible person and do believe that heroin, marijuana, barbiturates and other narcotics and narcotic paraphernalia are being kept at the above described premises for the purpose of sale and use contrary to the provisions of the law."

The Commonwealth attempts to distinguish *Aguilar* on the basis of the corroborative effect of the officer's surveillance fails for the reasons already discussed; thus the affidavit here at issue is virtually indistinguishable from the affidavit in *Aguilar*.

We note in conclusion that the good faith of the officer who swore to the affidavit is no more in question than the guilt of the relator. Yet the requirement of specificity in affidavits is not merely a technical obstacle without valid purpose. The inclusion of supportive underlying circumstances performs at least two valuable functions: first, as already discussed, it affords the magistrate an adequate basis for determining the existence of probable cause; and second, it forces the officer to check on the reliability of his own observations and information. As in the case *sub judice*, the use of an informant always presents certain dangers; even an informant who has been reliable in the past may be very wrong in a particular case. It is therefore not unreasonable to require the police officer to determine the basis for the informant's allegations, and to present that basis to the magistrate for independent evaluation.

### ORDER

And now, this fifteenth day of January 1968, IT IS ORDERED that the petition of James J. Palladino for a writ of habeas corpus be and the same is granted.

It is further ordered that actual issuance and execution of the writ shall be stayed for a period of sixty (60) days from the date hereof. Unless within said period an appeal from this Order is filed and a further stay of proceedings obtained, or a new trial of the relator is commenced and thereafter seasonably proceeded with, the writ shall issue and the relator shall be discharged from custody.