Opinion by
Hannum, J.,
On February 4, 1966, the appellant filed a petition for a writ of habeas corpus following his conviction by Judge Leonard, without a jury, on November 19, 1964. He was tried together with Harry G. Owens and two other defendants on several bills of indictment charging burglary, larceny and receiving stolen goods.
Following a hearing, on appellant’s petition before Ellenbogen, P. J., the court, by order dated December 7, 1967, dismissed it with prejudice.
The appellant cited several grounds in support of his petition, but only one question has been presented on the appeal. The appellant contends that he is entitled to a new trial because his counsel at the trial represented conflicting interests.
The record shows that when the appellant appeared for trial, he was without counsel, but John J. Cohen, Esq., who had been employed and paid by one of his codefendants, Harry G. Owens, either volunteered, or was appointed by the court, to represent him, also. It also appeared in the record that Owens had made a prior statement admitting his guilt and implicating the appellant. This statement was read into the testimony.
The law with respect to a conflict in interest has been clarified in the case of Commonwealth ex rel. Whitling v. Russell, 406 Pa. 45, 176 A. 2d 641 (1962). There the Court said: “If, in the representation of more than one defendant, a conflict of interest arises, the mere existence of such a conflict vitiates the proceedings, even though no actual harm results. The po *480 tentiality that such harm may result, rather than that such harm did result, furnishes the appropriate criterion. As pointed out by Judge Montgomery in his dissenting opinion, the Superior Court in Pile v. Thompson, 62 Pa. Superior Ct. 400, well stated: . . the rule is not intended to be remedial of actual wrong, but preventive of the possibility of it.”
It was pointed out in Commonwealth ex rel. Gallagher v. Rundle, 423 Pa. 356, 223 A. 2d 736 (1966), that if, in fact, there was no conflict of interest and the interests of the defendants were identical, there could be representation of more than one of such de: fendants by a single attorney.
It was also held in Commonwealth v. Brown, 210 Pa. Superior Ct. 136, 232 A. 2d 10 (1967), that if the record was not clear as to whether in fact there was an actual conflict of interest, it should be remanded for a full hearing on this question. See also Commonwealth v. Robertson, 211 Pa. Superior Ct. 79, 234 A. 2d 61 (1967).
We do not believe that the record shows any conflict of interest between the two defendants. Judge Ellenbqgen, who wrote the opinion for the court below, stated: “After an exhaustive study of the record, we find that neither of relator’s contentions are meritorious. The trial record clearly indicates that John Cohen, Esq., represented relator at the trial. It further discloses that relator took the stand and admitted his guilt. He in no way objected to his now allegedly inadequate representation by counsel, did not ask or move for a continuance on the basis that his counsel did not have sufficient time to prepare his defense, nor did he make any objection to any possible conflict of interest.
“In passing, it should be noted that Attorney Cohen is recognized throughout the Bar as being an eminently *481 capable lawyer, especially in the field of criminal law. This fact is substantiated by the trial record which discloses that Mr. Cohen did prepare an admirable defense on behalf of all defendants. Further we find no conflict of interest.”
We too have examined the original record and can find no conflict of interest. Both defendants testified and each admitted his guilt. Neither attempted to shift the blame to the other. As a matter of fact, the entire testimony of Owens as to the merits of the case is as follows: “Q. Harry, is there anything that you want to say in connection with these charges or the statements that were made in regard to them? A. No, it is more or less like Lucas said.”
The order of the court below dismissing the appellant’s petition for a writ of habeas corpus is affirmed.