Commonwealth *v.* Wilkinson, Appellant.

Submitted March 17, 1969.   Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

366

*Peter C. Paul,* for appellant.

*Edward G. Rendell* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., June 13, 1969 :

On January 17, 1966 at about 1 :30 p.m., the appellant, Hugh Wilkinson, and Ronald Henry were seen together on Callowhill Street in the City of Philadelphia, at which time appellant was carrying a suitcase and Henry was carrying a television set. They were stopped by the police, questioned, taken to the police station, and later arrested on charges of burglary, larceny, and receiving stolen goods after a Mrs. Carrie Lake had identified the suitcase and television set as her property which had been removed from her home.

At the trial on March 10, 1966 before Hon. THOMAS M. REED, Judge, both appellant and Henry were represented by Melvin M. Dildine, Esq., an Assistant Voluntary Defender, who preliminarily made a motion to suppress the evidence, which was denied. Thereafter Henry entered a plea of guilty to all charges, and the appellant pleaded guilty only to the charge of receiving stolen goods. These pleas were accepted by the court which thereupon nol-prossed the charges of burglary and larceny against appellant. Both men were sentenced and no appeals were taken therefrom.

Over two years after the date of sentence appellant, on May 1, 1968, filed a petition for relief under the Post Conviction Hearing Act which was dismissed following a hearing thereon held July 25, 1968, at which he was represented by David A. Kraftsow, Esq., court-appointed counsel. Following that hearing Mr. Kraftsow withdrew as appellant's counsel because he had been appointed an Assistant Attorney General; and Peter C. Paul, Esq., who represents appellant in this appeal, was appointed in his place.

Appellant now contends that his constitutional right to representation by competent counsel was denied to him because of a conflict in interest existing between him and his codefendant Henry at the time of the entry of his plea of guilty to the charge of receiving stolen goods, when he and his codefendant were both represented by said Melvin M. Dildine, Esq. He contends further that his plea of guilty was not intelligently made. Hon. JOSEPH L. McGLYNN, JR., the judge who presided at the post-conviction hearing, found no conflict of interest existed; and further, that appellant was adequately represented by competent counsel, was aware of the charges against him, and that a plea of guilty to them amounted to an admission of those charges which might result in a prison sentence.

We have carefully examined this record and conclude that it supports the findings and action of Judge McGLYNN. Appellant, age 26, was experienced in criminal matters, having previously entered pleas of guilty to various criminal charges, mainly larceny, but also to the use and possession of drugs, and had been found guilty by a jury of other crimes. He admitted that he knew a plea of guilty might mean jail, and he had the experience of violating his parole on a previous sentence.

From the time of his preliminary hearing before the magistrate who committed him on the present charges,

he was represented by the Public Defender. An Assistant Defender appeared with him at the magistrate's hearing, another interrogated him a few weeks later on March 1, 1966, when he was held in the Detention Center. He was represented at the time of this plea by Mr. Dildine, who was described by the court as ". . . very conscientious and an able trial lawyer." Mr. Dildine examined the file which had been prepared for appellant by the Public Defender's office, discussed the matter on the morning of the trial with both appellant and his codefendant Henry, conducted a hearing for the suppression of the evidence, without success, and made some arrangements with the District Attorney to recommend to the court that the charges of burglary and larceny against appellants be nolprossed. This was ultimately accomplished for him, while Henry, his codefendant, pleaded guilty to the burglary and larceny charges as well as to receiving stolen goods. Appellant argues that this indicates a conflict of interest between him and his codefendant and prejudice to him. We fail to find either present. On the contrary, if any prejudice was present it worked against Henry, who assumed full responsibility for the burglary and thereby exonerated this appellant. A conflict of interest exists only when one of two or more codefendants has a defense inconsistent with that advanced by the others, or where counsel neglected the defense of one to give the other a more spirited defense. Dual representation alone does not establish a conflict of interest. *Commonwealth v. Wilson*, 429 Pa. 458, 240 A. 2d 498 (1968). Both defendants might have been convicted of the burglary or larceny on the evidence that they were in unexplained possession of recently stolen property. *Commonwealth ex rel. Chatary v. Nailon*, 416 Pa. 280, 206 A. 2d 43 (1965). However, no conflict existed in this particular because ap-

pellant was exonerated from these charges. The present case is distinguishable from *Commonwealth v. White,* 214 Pa. Superior Ct. 264, 252 A. 2d 204 (1969), on the conflict question. Cf. *Commonwealth v. Resinger,* 432 Pa. 398, 248 A. 2d 55 (1968).

As to the remaining charge against appellant of receiving stolen goods, the only element of this crime he challenges is his knowledge that the suitcase he was carrying, or the television set, were stolen. This position was not inconsistent with that taken by Henry, who said the articles belonged to his mother and that he was bringing them from home. Furthermore, the subsequent admission by Henry that the items had been stolen by him in no way indicates the neglect of appellant by his counsel. Appellant was still free to adhere to his original contention that he was unaware that the goods were stolen. However, as did Henry, he elected to alter his contentions and to plead guilty, thereby admitting that he knew the articles were stolen. His other argument to the effect that the proceedings to suppress the evidence was solely for Henry's benefit is also without merit. Had the motion been granted and the television and suitcase been suppressed as evidence, it would have been of benefit to both defendants. Both defendants discussed the motion to suppress with Mr. Dildine before his motion was made, and it was with their consent and participation that the action was taken.

The other contentions of appellant are, (1) that he did not intelligently enter his plea because he was not interrogated by the trial judge before entering it, (2) the Public Defender had inadequate time to consult with the appellant in order to properly prepare his case, (3) there was an illusory plea bargain, and (4), he did not fully understand the implication of his guilty plea. As indicated by our previous discussion,

we find no merit in numbers (2), (3), or (4) of the aforesaid contentions or any reason to discuss them further. As to (1), we can only repeat what has been so clearly expressed by Mr. Justice ROBERTS in *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A. 2d 196 (1968), that for the good reasons enumerated therein it is advisable to place upon the record evidence to show that a defendant entering a plea of guilty understood the meaning and effect of his action. ". . . a record silent as to the voluntariness of the plea and showing no attempt by the court to probe the prisoner's awareness of the consequences of his plea is of itself not a sufficient basis for the grant of a new trial." (Page 104) Here the evidence taken at the post-conviction hearing sufficiently establishes that this appellant's plea was intelligently and voluntarily made. Although he persists in saying that he did not wish to enter it and was unaware of its consequences, the evidence is to the contrary. As previously stated, he admitted he knew the consequences of his action. He admitted also that he had been informed by the Public Defender of the nature of the charges and that by pleading guilty he was admitting them, and that it would be possible to secure a nol pros of the burglary and larceny if the plea was entered to receiving stolen goods. His file, prepared by the Public Defender, indicated that he had told the Assistant Public Defender at the preliminary hearing that he knew the articles were "hot" (stolen) and that he had told the police he knew it, and that prior to the hearing to suppress it was agreed that if it was not successful Henry would plead to all charges, and appellant to receiving stolen goods only.

Mr. Dildine also testified that appellant did not maintain his innocence to the time of his plea and stated, "If Mr. Wilkinson maintained until the time

of the entry of the plea that he was innocent of receiving stolen goods, . . . I would not have permitted him to plead guilty."

In conclusion we find no violation of appellant's constitutional rights.

Order affirmed.