Commonwealth ex rel. Gass, Appellant, *v.* Maroney.

Submitted March 21, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*William M. Gass,* appellant, in propria persona.

*Michael M. Baylson* and *Joseph M. Smith,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY HOFFMAN, J., June 17, 1966:

This is an appeal by William Gass from an order of the lower court dismissing his petition for writ of habeas corpus without a hearing.

Appellant and his co-defendant, Gerald McNeil, were caught by police in the act of removing knives, radios and money from a store. They were indicted on a single bill charging burglary, larceny and receiving stolen goods. A member of the staff of the Defender Association of Philadelphia was appointed to represent them.

Upon the advice of counsel, appellant pleaded guilty and McNeil pleaded not guilty. Appellant then took the stand and admitted his guilt. In addition he testified that he was the moving party in the burglary and that McNeil just followed him into the building. McNeil's mother testified that her son had the mind of a six-year old and could be "led into anything." McNeil was found not guilty.

Appellant's attorney indicated to the court that he had advised appellant to plead guilty and to take the stand in an effort to exonerate McNeil.

"If, in the representation of more than one defendant, a conflict of interest arises, the mere existence of such a conflict vitiates the proceedings, even though no *actual* harm results. The potentiality that such harm *may* result, rather than that such harm *did* result, furnishes the appropriate criterion." *Commonwealth ex rel. Whitling v. Russell*, 406 Pa. 45, 48, 176 A. 2d 641, 643 (1962). See also *Commonwealth v. Meehan*, 409 Pa. 616, 187 A. 2d 579 (1963).

In the instant case, the potentiality for harm readily appears. Counsel was faced with the problem of representing two persons who had been arrested together while committing the same acts. We cannot say that counsel was not effective in this case. There is reason to fear, however, that in seeking to save McNeil, who was young and retarded, counsel may have failed to adequately protect the rights of appellant who was older and had a criminal record. Perhaps counsel would have been less willing to plead appellant guilty if he were not primarily concerned with exonerating McNeil. "The very purpose of the rule which prohibits an attorney from representing conflicting interests is to preclude such an attorney from putting himself in a position where he may be required to choose between conflicting duties. . . ." *Commonwealth ex rel. Whitling v. Russell,* supra, at 49. In this case, it will be necessary for the lower court to hold a full hearing to determine whether applicant's right to the effective assistance of counsel was denied by reason of his attorney's conflict of interest.

The order of the Court of Common Pleas No. 3 of Philadelphia County is vacated and the record is remanded to that court with directions to hold a hearing on the petition.

Ervin, P. J., and Wright and Spaulding, JJ., would affirm the order of the court below.