## Commonwealth ex rel. Gallagher, Appellant, *v.* Rundle.

Argued September 28, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Louis Lipschitz*, with him *Lipschitz and Chalfin*, for appellant.

*Henry W. Rhoads*, Assistant District Attorney, with him *LeRoy S. Zimmerman*, District Attorney, for appellee.

OPINION BY MR. JUSTICE COHEN, November 15, 1966:
Following his conviction on a charge of burglary, appellant was sentenced to a term of two to four years. On appeal, the conviction was affirmed by the Superior

Court. *Commonwealth v. Ghaul*, 205 Pa. Superior Ct. 80, 207 A. 2d 917 (1965).

Appellant filed a petition for a writ of habeas corpus, which was dismissed by the lower court. The Superior Court affirmed (*Commonwealth ex rel. Gallagher v. Rundle*, 207 Pa. Superior Ct. 759, 217 A. 2d 821 (1966)), and we granted allocatur.

The burglary of which appellant was convicted occurred in Harrisburg. Both he and one Charles Ghaul were arrested five miles outside Harrisburg and charged with the crime. Under police questioning, Ghaul presented an alibi to the effect that on the evening of the burglary both he and appellant had met two women in Philadelphia with whom they travelled to Harrisburg in two automobiles; that the men left their vehicle in Harrisburg and continued with the women in the latter's car to Pittsburgh, where the women deserted them in a bar; and that they hitchhiked back to Harrisburg in a truck. Appellant related a similar story, but stated that all four had driven from New Jersey to Pittsburgh in the ladies' vehicle. In all other respects their alibis were identical. Neither defendant implicated the other in the crime, and each claimed that he was with the other throughout the evening that the crime was committed.

Both defendants were tried together and were represented by two self-retained attorneys, one of whom was a New Jersey practitioner and the other of whom was local counsel. Neither defendant testified in his own defense, but the Commonwealth admitted in evidence the statements each had given to the police.

Appellant argues that because mutually inconsistent statements by both co-defendants were introduced at their joint trial at which both were represented by the same counsel, a conflict of interests arose which vitiated the proceeding. We do not agree.

It is unchallenged that the Sixth Amendment guarantee of effective assistance of counsel requires the services of a lawyer who is not obliged to serve conflicting interests at the same time and that joint representation by one attorney of multiple defendants in a criminal prosecution does not comport with this right where the interests of the co-defendants are adverse in that each has tried to exonerate himself at the expense of the other. *United States ex rel. Watson v. Myers,* 250 F. Supp. 292 (E.D. Pa. 1966); *Commonwealth ex rel. Whitling v. Russell,* 406 Pa. 45, 176 A. 2d 641 (1962). Thus if during police interrogation either defendant had given a statement inculpating the other, the single team of counsel would have been faced with a conflict of interests which would have required their withdrawal as counsel for one of the defendants. However, a review of the record discloses that rather than making a self-exculpatory statement inculpating his co-defendant, each defendant recited a mutually exculpatory alibi which protected his confederate. Only a minor discrepancy which in no way implicated the other prevented the alibis from being identical. In fact, if the jury believed either defendant's alibi they would have been compelled to acquit both of the offense. Obviously, then, although their stories differed, their interests were not at conflict. In the absence of a showing of either prejudice or potential harm to appellant by reason of the dual representation, we conclude that the fact that co-defendants are represented by the same attorney does not alone constitute denial of the effective assistance of counsel. *Campbell v. United States,* 352 F. 2d 359, 361 (D.C. Cir. 1965); *United States ex rel. Watson v. Myers,* supra at 293.

Furthermore, appellant herein retained counsel of his choice from New Jersey (his home state) and Pennsylvania. At no time, prior to the filing of the instant petition does the record reveal an objection on his part

360

to counsel's method of conducting his defense. We will not allow him, at this late hour, to open an attack upon his lawyers. See *Commonwealth ex rel. La Rue v. Rundle,* 417 Pa. 383, 207 A. 2d 829 (1965).

Finally, appellant urges that the statement he made to police officers was improperly admitted at trial because he was not advised of his rights under *Escobedo v. Illinois,* 378 U.S. 478. This argument is not meritorious because under *Johnson v. New Jersey,* 384 U.S. 719 (1966), the *Escobedo* decision does not apply to cases in which trial was begun prior to June 22, 1964.

Order of the Superior Court affirmed.