Commonwealth *v.* Resinger, Appellant.

Argued October 3, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Max P. Gabreski,* for appellant.

*Harry W. Gent, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE COHEN, November 27, 1968:

The issue in this case is whether a conflict of interest is created when one attorney represents two defendants in a joint trial where each has confessed and testified to identical stories admitting their own participation while shifting the greatest blame to a third codefendant.

Resinger along with his codefendants, Keller and Riddle, were jointly tried in 1961 for the murder of Robert Mays. At that trial, Resinger's counsel was also one of Keller's attorneys. On this basis of one attorney representing two of the defendants, appellant asks for an arrest of judgment and a new trial. In that original jury trial Resinger was sentenced to 10-20 years for second degree murder on a first degree charge. Extra-judicial statements were admitted in evidence as well as both Resinger's and Keller's testi-

mony at trial. These statements were all identical to the effect that although they were all at the house of Mays on a burglary, the greatest blame should be placed on Riddle who did the actual beating which led to Mays' death and the murder indictment. Neither tried to exonerate himself at the expense of the other, but at the expense of the third.

In *Commonwealth ex rel. Whitling v. Russell,* 406 Pa. 45, 176 A. 2d 641 (1962) this Court held that where two defendants' positions are at variance (one plead guilty and the other not guilty), they may not be represented by the same counsel. Counsel may not sacrifice the interests of one client for the benefit of the other. See *Commonwealth ex rel. Gass v. Maroney,* 208 Pa. Superior Ct. 172, 220 A. 2d 405 (1966). However where no conflict exists there is no harm in dual representation, *Commonwealth v. Wilson,* 429 Pa. 458, 240 A. 2d 498 (1968). Counsel is effective (and thus no conflict) if there is a reasonable basis upon which counsel seeks to effectuate his client's interests, *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967). The reasonable basis in the present case was the overwhelming evidence indicating guilt of a felony murder involving both of his clients. It appears that the strategy taken by counsel resulting in a second degree conviction and only a 10-20 year sentence was both reasonable and successful, *Commonwealth v. Wilson,* supra.

The case which most closely approximates the instant case is that of *Commonwealth ex rel. Gallagher v. Rundle,* 423 Pa. 356, 223 A. 2d 736 (1966). In that case the defendants had identical testimony of alibi. They were reinforcing each other's story instead of exonerating themselves at the expense of the other. Our Court unanimously found no conflict of interest. The only difference in the present case is that the statements were not exculpatory but were incriminatory.

However each was willing to take the stand and swear to the same exact thing. It was part of their strategy not to cross-examine and impeach each other's story, but to shift the blame to Riddle.

As further evidence that there was a strategy consistent with counsel's representation of both defendants, we have the attorney's testimony at the post conviction hearing. Counsel said that he did not feel his position to be antagonistic but enhanced in the use of the above-outlined strategy. In addition, Resinger made no complaint as to strategy or counsel at the trial or, as a matter of fact, until 6 years thereafter. And finally, at the time of trial, Resinger requested the appointment of counsel by name after hearing that he was representing Keller.

Thus, we hold that counsel was not encumbered with a conflict of interest and fairly represented appellant with a reasonable and effective defense. The order denying appellant a new trial is affirmed.

Mr. Justice MUSMANNO did not participate in the decision of this case.

————

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I believe that a conflict of interest existed when codefendants whose statements implicated each other were represented by the same counsel, and I would grant appellant a new trial.

Initially the majority opinion obviously has misstated the standard by which we judge conflict-of-interest claims. The majority states that "counsel is effective (and thus no conflict) if there is a reasonable basis upon which counsel seeks to effectuate his client's interest, Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599, 235 A. 2d 349 (1967)." Although the majority has correctly set out the effective counsel rule established in *Washington,* its statement that because *Washington* standards have been met there is

"thus no conflict" flies in the face of the conflict-of-interest rule this Court established in *Commonwealth ex rel. Whitling v. Russell*, 406 Pa. 45, 176 A. 2d 641 (1962). Rather than looking to the attorney's conduct of the defense under a "reasonable basis . . . to effectuate his client's interests" rule, *Whitling* commands a prophylactic rule under which, once a conflict is shown, "the mere existence of such a conflict vitiates the proceedings, even though no *actual* harm results. The potentiality that such harm *may* result, rather than that such harm *did* result, furnishes the appropriate criterion." *Id.* at 48, 176 A. 2d at 643 (Emphasis in original).

Viewing this case under the proper standard of *Whitling*, I find that a conflict did exist, and thus believe a reversal is compelled. Here each codefendant incriminated the other. The majority blithely asserts that "the only difference in the present case is that the statements were not exculpatory but were incriminatory," and thus concludes that *Commonwealth ex rel. Gallagher v. Rundle*, 423 Pa. 356, 223 A. 2d 736 (1966), controls. I believe that that difference is crucial. In *Gallagher*, each defendant supported the other's statement that he was *innocent;* here each said the other was *guilty*. It matters not that each one told essentially the same story. Had appellant had his own counsel, he might have been advised to not testify at all, leaving counsel free to attack on cross-examination the testimony of codefendant which incriminated appellant.

It is clear to me that appellant's attorney, faced with the prospect of defending appellant and his codefendant, decided that his best strategy was to attempt to put the brunt of the blame on Riddle, hoping to get his clients off on a lesser charge. Appellant's counsel succeeded, it would seem, and I mean in no way to criticize his handling of the case. The point,

however, is that by representing both appellant and his codefendant, counsel was likely forced to conclude that he would be unable to obtain two acquittals, and that he would do better by getting each client half a loaf. I do not believe that appellant may be forced to settle for a defense that requires that he be convicted of *some* degree of crime. Perhaps if appellant had his own counsel, there would have been no change in his strategy. That is not the point. Once appellant was placed in the position where corepresentation required his defense strategy to be tied to that of codefendant, a conflict existed and *Whitling* thus demands a new trial.

It is of course irrelevant that appellant made no objection at trial to counsel's strategy, or that the inculpatory testimony of each defendant was consistent with their trial plan. Counsel was handling this case, and it is hardly reasonable to expect appellant to have had sufficient legal or practical sophistication to start countermanding his attorney's advice. The whole thrust of our theory of waiver has required advice of counsel, see *Commonwealth v. Mumford,* 430 Pa. 451, 243 A. 2d 440 (1968), and where, as here, the question *concerns* counsel, appellant can hardly have been expected to have been advised by counsel as to this issue. Furthermore, the very problem here is that the conflict of interest may compel counsel to adopt trial strategy that may not be consistent with appellant's best interest. It can be no answer to then say that this problem is excused because the trial proceeded in a manner consistent with that strategy.

I also do not believe that appellant is barred by having requested the appointment of the same counsel as had been retained by his codefendant. Again, appellant can hardly be expected to be sophisticated enough to have appreciated the conflict of interest dif-

ficulties that were inherent in that choice. This hardly excuses the majority's failure to give appellant a new trial, free from a conflict of interest of counsel.

At oral argument, it also was made clear that this case presented a problem under *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620 (1968), decided on May 20, 1968, and made fully retroactive by *Roberts v. Russell*, 392 U.S. 293, 88 S. Ct. 1921 (1968). Although I feel that *Bruton* does not directly control this case, I believe that it is important in evaluating appellant's conflict of interest claim.

Appellant here argues that his codefendant's out-of-court statement which incriminated appellant should have been excluded under *Bruton*. In *Bruton*, however, contrary to the facts in this case, the codefendant did not take the stand to testify. It is quite clear from the opinion in *Bruton* that the Supreme Court's concern was a deprivation of "petitioner's right of cross-examination secured by the confrontation clause of the Sixth Amendment." 391 U.S. at 126, 88 S. Ct. at 1622. This was true because the codefendant "did not take the stand." *Id.* at 128, 88 S. Ct. at 1623. Here appellant's codefendant did take the stand. There was an opportunity for cross-examination, and thus *Bruton* on its facts does not directly control.

This however points up even more strongly the defect in appellant's representation by the same counsel as represented codefendant. Although codefendant's presence on the stand made him subject to cross-examination, it is obvious that since the counsel who would cross-examine him was also his own defense counsel, that cross-examination would in reality be of little aid to appellant. Although *Bruton* does not bar the introduction of codefendant's statements where codefendant is available for cross-examination, its reasoning should bar the use of a procedure whereby appellant is realistically deprived of the opportunity for

cross-examination which *Bruton* requires. This should establish once and for all that there is the type of conflict present in this case that is within our rule in *Whitling,* and I believe that if the *Whitling* rule did not encompass this situation, it would be unconstitutional under the radiations of *Bruton.*

For the foregoing reasons I dissent.

Mr. Justice EAGEN joins in this dissenting opinion.