Commonwealth *v.* Johnson, Appellant.

Submitted March 18, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Richard G. Zeleznik,* for appellant.

*Charles B. Watkins* and *Carol Mary Los,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, April 23, 1969:

This is an appeal from the dismissal without hearing of appellant's petition brought under the Post Conviction Hearing Act. Appellant was originally convicted of first degree murder and sentenced to the death penalty, a judgment and sentence which was affirmed by this Court in an opinion at 410 Pa. 605 (1963). The Pennsylvania Board of Pardons subsequently commuted the death sentence to life imprisonment, a sentence which appellant is currently serving. In January 1966 a habeas corpus petition was filed on behalf of appellant; it was denied without hearing and no appeal was taken from this denial. Appellant was represented by counsel at this 1966 proceeding.

In the current PCHA petition appellant alleges six different grievances. The hearing judge discussed all six and in addition concluded that appellant had waived his right to present most of them because of his earlier habeas corpus petition. With this position we must note our complete concurrence. This case represents a clear §4 waiver under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §4, 19 P.S. §1180-4. All of the issues raised in his present petition but one come within the provisions of either §4(a)(1) which declares an issue fully litigated when it has been raised in the trial court and no appeal has been taken, or §4(b)(1) which holds an issue waived "if . . . The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted . . . ."

This Court has made it quite clear that a §4(b)(1) waiver will not be considered knowing and understanding in a case where the accused has not been represented by counsel in the earlier proceeding. But where, as here, appellant was represented by an attorney in both his previous direct appeal and habeas corpus petition, in the absence of proof of extraordinary circumstances, see §4(b)(2), such a waiver is considered binding. *Commonwealth ex rel. Linde v. Maroney*, 432 Pa. 324, 248 A. 2d 235 (1968); *Commonwealth v. Black*, 433 Pa. 150, 249 A. 2d 561 (1969); *Commonwealth v. Satchell*, 430 Pa. 443, 243 A. 2d 381 (1968); *Commonwealth v. Mumford*, 430 Pa. 451, 243 A. 2d 440 (1968). Since appellant alleges no special or extraordinary circumstances, all but one of the issues he raises must be considered fully litigated or waived.

However, appellant also alleges that his confession should not have been admitted because he was not given the proper warnings as required by *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966). Such an argument cannot be considered either previously litigated or waived since the decision in *Miranda* did not come down until after the appellant's habeas corpus petition was denied. But, of course, the claim remains wholly without merit in light of the Supreme Court's decision in *Johnson v. New Jersey*, 384 U.S. 719, 86 S. Ct. 1772 (1966), that *Miranda* would not apply retroactively. The trial in this case was concluded in February, 1962, long before the decision in *Miranda*.

Appellant having asserted no claim entitling him to relief, the dismissal without hearing of his PCHA petition by the hearing court is affirmed.