## Commonwealth *v.* Butler, Appellant.

Submitted March 17, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Charles J. Weyandt,* for appellant.

*Charles C. Brown, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 12, 1969:
Order affirmed.

———

CONCURRING OPINION BY HOFFMAN, J.:

Appellant maintains that he was improperly represented at his guilty plea hearing because his attorney also represented his co-defendant who likewise pleaded guilty.

Appellant fails, however, to maintain that a defense was available to him which was inconsistent with the position taken by his co-defendant.

The principles governing this case are supplied by *Commonwealth ex rel. Whitling v. Russell,* 406 Pa. 45, 176 A. 2d 641 (1962) and *Commonwealth v. Resinger,* 432 Pa. 398, 248 A. 2d 55 (1968).

In *Whitling,* the Court stated that "If, in the representation of more than one defendant, a conflict of interest arises, the mere existence of such a conflict vitiates the proceedings, even though no *actual harm* results." Throughout the cases following *Whitling,* and most recently in *Resinger,* this has been interpreted to mean that a defendant must show an *actual* conflict and only the potential of harm ensuing therefrom.

Here, appellant has failed to demonstrate that there was an actual conflict between his representation and that of his co-defendant, insofar as he does not allege that inconsistent defenses were available to either. Cf. *Commonwealth v. Wilson,* 429 Pa. 458, 463, 240 A. 2d 498 (1968).