## Commonwealth *v.* Brooks, Appellant.

Argued March 20, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Spencer Ervin, Jr.,* with him *W. Bourne Ruthrauff,* and *Tate and Ervin,* for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Victor J. DiNubile, Jr.,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District

Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

Opinion Per Curiam, June 12, 1969:
Judgment of sentence affirmed.

Concurring Opinion by Hoffman, J.:

Appellant maintains that he was improperly represented at the trial which resulted in his conviction for rape. Specifically, he claims that his lawyer had a conflict of interest since he also represented appellant's co-defendant.

The alleged conflict arose when, at trial, one co-defendant stated that appellant had consensual relations with the prosecutrix while he (the co-defendant) was just a bystander. I fail to see, however, how appellant was prejudiced by this statement which was consistent with his defense based on consent. Appellant has not alleged that he assumed this defense because of the testimony of his co-defendants. Instead, he had consistently admitted throughout these proceedings that he had had relations with the prosecutrix.

Accordingly, this case is in the same posture as *Commonwealth v. Butler*, 214 Pa. Superior Ct. 457, 257 A. 2d 305 (1969). As no other contentions have been validly advanced, I would affirm for the reasons stated in my concurrence therein.