Commonwealth *v.* Cox, Appellant.

Submitted March 17, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*A. A. Guarino,* for appellant.

*Walter W. Cohen* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 12, 1969:
Order affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:
Appellant and his co-defendant were brought to trial together in 1958 at which time they pleaded guilty to identical indictments. Both were represented by the same court-appointed attorney.

After their pleas were accepted by the court, defense counsel stated by way of mitigation that appellant was twenty years old and his co-defendant was twenty-eight. No other background information was offered. After a short colloquy between the court and the defendants, appellant and his co-defendant were sentenced to identical prison terms.

From this sentence, this appeal is taken.

Appellant contends that 1) he was improperly represented at sentencing because his lawyer was laboring under a conflict of interest and 2) in any event, he failed to receive adequate representation of counsel.

The nub of appellant's argument is that at sentencing his lawyer failed to bring to the court's attention the disparate backgrounds of appellant and his co-defendant. Appellant was a high school graduate, had received an honorable discharge from the Army, regularly attended church, partially supported his mother and had no prior record. His co-defendant, on the other hand, was a convicted deserter from the Navy, and had convictions for violating the Uniform Firearms Act, wilfully pointing a firearm, burglary and receiving stolen goods. Moreover, he had been arrested, but discharged of aggravated assault and battery by knife and assault and battery with intent to murder.

It is axiomatic that a judge has vast discretion in setting a sentence. *Commonwealth v. Petrillo*, 340 Pa. 33, 16 A. 2d 50 (1940). He may consider many factors. Of these, one of the most relevant is a defendant's prior criminal record since that may demonstate whether he is a hardened criminal or otherwise incorrigible. *Commonwealth ex rel. Gouch v. Myers*, 196 Pa. Superior Ct. 285, 175 A. 2d 158 (1961). By the same token, if a defendant has no prior criminal record, this is a factor that often weighs in his favor.

Thus, this Court in *Commonwealth v. Fitzgerald*, 101 Pa. Superior Ct. 308 (1931) stated that "there

is no law that requires the court to impose a like sentence upon all the participants in a crime. There may be many elements appearing which might move the court to make a difference between criminals who are joined in the same offense. Age, sex, likelihood of reformation, and health may be considered, and no doubt other reasons might appear which would move the court to impose a different sentence upon one defendant than upon another. Subject to the limitations prescribed by statute, the matter is within the discretion of the court." At 309.

In the same vein, the United States Supreme Court has stated: "Highly relevant . . . if not essential . . . to (the trial judge's) selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." *Williams v. New York*, 337 U.S. 241, 247 (1949).

This position was recently modified by the Act of December 22, 1965, P. L. 1187, §1, 19 P.S. §890, which provides in part that "[i]n all cases where the statutory maximum sentence is for two years or more, the probation service shall make a pre-sentence investigation and report to the court before the imposition of sentence or of the granting of probation unless the court otherwise directs. . . . The report of the pre-sentence investigation shall conform to the standards established by the Pennsylvania Board of Probation and Parole and contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court."[1]

---

[1] The content of the pre-sentence report has been summarized as follows: It details the "defendant's family history (including

    Although the Act has no formal retroactive application, its principles have governed our criminal law for many years. Thus, counsel's failure to introduce the information relating to appellant's prior good record was highly unusual and deviated greatly from the routine and commonplace criminal defense practice. Moreover, this omission was serious. Where, as here, a guilty plea is entered, counsel's most important function relates to his efforts to mitigate the sentence to be imposed. That effort should be the focus of his attention.

    Counsel's dual representation, however, precluded his disclosure of appellant's respectable prior history. Had such disclosure been made, the court might as a matter of course have asked for disclosure of the record of the codefendant. This action could only have a detrimental effect upon the codefendant, in light of his prior record. Thus counsel may have been torn between the conflicting interests of his two clients. If so, he unfairly compromised appellant's interests. As I stated in my dissent in *Commonwealth v. Baranowski,* 214 Pa. Superior Ct. 464, 257 A. 2d 334 (1969), proscribed conflicts of interests "does not only encompass pre-sentence proceedings, but extends as well to conflicts present at the time of sentencing." Accordingly, the presence of an actual conflict of interest at sen-

---

childhood matters), school history, medical history, work history, military record, criminal record, circumstances surrounding the present offense (generally with an exploration of the events that led up to it, including any unusual pressures on the defendant, extenuating circumstances, aggravating circumstances, etc.; and sometimes with an indication of the defendant's present attitude toward the offense) ; home and neighborhood environment, family attitudes, financial status, present employment situation or prospects; prognosis with respect to any medical or psychiatric problem; and other matters . . . relevant to sentence, which may include the defendant's religious attitudes, etc." II Amsterdam, Segal and Miller, Trial Manual for the Defense of Criminal Cases, §460.

tencing mandates that counsel should not have engaged in dual representation.

The trial judge, the Honorable CHARLES E. GUERIN, is a wise and experienced jurist with extensive criminal experience. I would remand this case to him for resentencing so that he may consider a disposition in light of all relevant and material factors.

SPAULDING, J., joins in this dissenting opinion.