Commonwealth *v.* Williams, Appellant.

Argued May 5, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Melvin Dildine,* Assistant Defender, with him *Herman I. Pollock,* Defender, for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, October 9, 1969:

In November 1964, Arthur C. Williams and his twin brother, Emmet, were tried jointly in Philadelphia County before a judge sitting without a jury on indictments charging murder and voluntary manslaughter arising out of the same homicide. Throughout the trial, both brothers were represented by the same privately retained lawyer. Arthur was convicted of voluntary manslaughter and Emmet was acquitted of all charges. Arthur received a sentence of imprisonment under which he is presently confined. No appeal was then filed.

In October 1967, in post conviction relief proceedings [1] Arthur was granted permission to file motions for a new trial and in arrest of judgment nunc pro tunc. Subsequently, these motions were dismissed and this appeal followed. The sole question for determination is whether or not the dual trial representation denied Arthur the effective assistance of counsel, required by the Sixth Amendment of the United States Constitution. We conclude that it definitely did not.

As we stated in *Commonwealth ex rel. Gallagher v. Rundle*, 423 Pa. 356, 223 A. 2d 736 (1966) : "It is unchallenged that the Sixth Amendment guarantee of effective assistance of counsel requires the services of a lawyer who is not obliged to serve conflicting interests at the same time and that joint representation by one attorney of multiple defendants in a criminal prosecution does not comport with this right where the interests of the co-defendants are adverse in that each has tried to exonerate himself at the expense of the other." As we pointed out in *Commonwealth ex rel. Whitling v. Russell*, 406 Pa. 45, 176 A. 2d 641 (1962) : "If, in the representation of more than one defendant, a conflict of interest arises, the mere existence of such a conflict vitiates the proceedings, even though no *actual* harm results." But, dual representation in itself does not establish a conflict of interest and, as we pointed out in *Commonwealth v. Wilson*, 429 Pa. 458, 240 A. 2d 498 (1968) : "To make dual representation rise to a true conflict, appellant need not show that actual harm resulted, . . . *but he must at least show the possibility of harm, e.g., that he had a defense inconsistent with that advanced by the other client, or that counsel neglected his case in order to give the*

---

[1] In these proceedings, the appellant was represented by court-appointed counsel who also appears on his behalf in this appeal.

*other client a more spirited defense."* (Emphasis added.)   See also, *Commonwealth v. Resinger,* 432 Pa. 398, 248 A. 2d 55 (1968).   A reading of the instant record readily and clearly discloses that no such "possibility of harm" resulted from the fact that Arthur was represented by the same lawyer as his brother during the trial.

The criminal charges resulted from the fatal stabbing of one Harry Gross in a public bar. Both brothers, after pleading "Not Guilty", gave consistent and substantially similar testimony at trial.   Both testified that Gross insisted in having an argument with Arthur over the latter's wife; that despite Arthur's efforts to avoid trouble, Gross threatened both brothers with bodily harm, picked up a bar stool and swung it in their direction; that neither Arthur nor Emmet struck Gross or even attempted to do so and that they left the bar together in order to avoid further abuse from Gross.   Under these circumstances, it is clear that the dual representation in no way denied appellant the effective assistance of counsel.

Judgment affirmed.