Commonwealth *v.* Cox, Appellant.

Submitted November 21, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*A. A. Guarino*, for appellant.

*Paul R. Michel*, Assistant District Attorney, *James D. Crawford*, Deputy District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE JONES, October 9, 1970:

In 1958, Samuel Cox and a codefendant pleaded guilty in the then Court of Quarter Sessions to a series of eleven armed robberies, having been represented at their joint trial by a court-appointed attorney. Both men were sentenced to serve two consecutive terms of ten to twenty years in prison, plus a ten-year period of probation at the end of the jail sentences. In 1964, Cox filed a petition for a writ of habeas corpus in the Court of Common Pleas of Philadelphia County. This petition was dismissed upon a finding that the guilty plea had been knowingly and voluntarily entered and, on appeal, the Superior Court affirmed the judgment of sentence. *Commonwealth ex rel. Cox v. Myers*, 206 Pa. Superior Ct. 705, 211 A. 2d 545 (1965). We refused to grant allocatur.

Cox next sought relief by petitioning for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. A lengthy evidentiary hearing was held on June 7, 1966, during which both Cox and his original counsel testified about

the trial and the sentencing proceedings. That court held that the petitioner's constitutional rights had not been violated and his federal habeas corpus petition was denied and dismissed on June 14, 1966. *United States ex rel. Cox v. Myers,* United States District Court, Miscellaneous No. 3196 (E.D. Pa. 1966).

Cox initiated the instant proceedings, with the aid of an attorney by a petition filed in July of 1967, pursuant to the Post Conviction Hearing Act. Cox claims that he was denied the effective assistance of counsel at the time of sentencing in May of 1958. A hearing was held on November 18, 1968, during which no further evidence was offered beyond the transcripts of the testimony taken in prior proceedings. This petition was denied by the Court of Quarter Sessions of Philadelphia County and the Superior Court affirmed that order on June 24, 1969. *Commonwealth v. Cox,* 214 Pa. Superior Ct. 470, 257 A. 2d 331 (1969).* We granted allocatur.

A defendant does not waive his opportunity to litigate issues not raised in earlier post-trial proceedings where he was not represented by counsel in the prior proceedings. *Commonwealth v. Johnson,* 433 Pa. 582, 252 A. 2d 641 (1969). If he was so represented, then he may thereafter be barred from attacking the judgment of sentence. *Commonwealth v. Black,* 433 Pa. 150, 249 A. 2d 561 (1969). Cox was apparently without an attorney in the 1964 habeas corpus proceedings. Therefore, he may still assert that he was ineffectively represented at the time of sentencing, due to his attorney's alleged conflict of interest.

The trial court did not have the aid of a presentence investigation, and the only comment made by the attorney who represented both men was that Cox was twen-

---

* Judge HOFFMAN filed a dissenting opinion, in which Judge SPAULDING joined.

ty years old and his codefendant was twenty-eight. Cox's trial counsel testified that, in view of the numerous robberies which were involved, he believed that any attempt to present Cox as a mere misguided youth would be fruitless and might antagonize the sentencing judge. Had Cox been singly represented, his attorney could have pointed out that the codefendant was a deserter from the Navy with a long criminal record, whereas Cox was a high school graduate, had been honorably discharged from the Army and had no prior criminal record.

"If, in the representation of more than one defendant, a conflict of interest arises, the mere existence of such a conflict vitiates the proceedings, even though no *actual* harm results. The potentiality that such harm *may* result, rather than that such harm *did* result, furnishes the appropriate criterion." *Commonwealth ex rel. Whitling v. Russell,* 406 Pa. 45, 48, 176 A. 2d 641, 643 (1962). However, the mere fact of dual representation does not *per se* indicate a true conflict of interest. *Commonwealth v. Wilson,* 429 Pa. 458, 240 A. 2d 498 (1968). We must still determine whether the record indicates that the defendant was adversely affected, *i.e.,* whether he was denied the effective assistance of counsel due to the dual representation. *Commonwealth v. Resinger,* 432 Pa. 398, 248 A. 2d 55 (1968). *See Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967).

A conflict may be established if a defendant can show either: (1) that he had a substantial defense, which was not raised, that was inconsistent with that of his codefendant; or (2) that counsel neglected the defendant's case in order to concentrate on that of his codefendant. *Commonwealth v. Wilson,* 429 Pa. 458, 463, 240 A. 2d 498, 501 (1968). *Accord, Commonwealth v. Williams,* 435 Pa. 550, 257 A. 2d 544 (1969).

Prior to meeting his codefendant, Cox had had a relatively good history, and the presentation of that history to the sentencing court would certainly have cast his codefendant in an unfavorable light. The record indicates that defense counsel was faced with a true conflict of interest which prevented him from adequately representing Cox at the time of sentencing. Accordingly, Cox is entitled to be resentenced with the assistance of counsel. *See United States ex rel. Thompson v. Rundle,* 294 F. Supp. 933 (E.D. Pa. 1968).

We wish to make it abundantly clear that we do not reach this result on the basis that Cox and his codefendant received the same sentence. The lower court is imbued with broad discretion in the matter of sentencing. *See United States ex rel. Hairston v. Myers,* 237 F. Supp. 472 (E.D. Pa.), *cert. denied,* 381 U.S. 943 (1965); *Commonwealth v. Zelnick,* 202 Pa. Superior Ct. 129, 195 A. 2d 171 (1963), *cert. denied,* 377 U.S. 1006 (1964). We merely find that there was a conflict of interest which may have prejudiced Cox at the time of sentencing. He is entitled to be resentenced with the aid of an attorney who faces no such conflict.

Order reversed. Record remanded for proceedings consistent with this opinion.

Mr. Justice EAGEN and Mr. Justice ROBERTS concur in the result.

Mr. Justice COHEN dissents.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I very strongly dissent. In the field of criminal law, we are constantly confronted with the question: "Is there no limit in time or in number or in final disposition of a criminal's alleged or claimed rights?"

Defendant-appellant, while represented by an attorney, pleaded guilty in 1958 to eleven armed robberies. Cox's many attempts to secure a new trial are stated

in the Opinion of Mr. Justice JONES. However, that Opinion inadvertently overlooked the crucial fact that in the habeas corpus proceeding held in the Federal Courts on June 7, 1966, during which both Cox and his original counsel testified about the trial and the sentencing proceedings, *Cox was represented by an attorney in that habeas corpus proceeding, and his counsel raised and argued the very issues he is raising herein.* Chief Judge JOHN W. LORD, JR., *specifically held—and with this holding I agree—that there was no conflict of interest.* See *United States ex rel. Cox v. Myers,* United States District Court, Miscellaneous No. 3196 (E.D. Pa. 1966).

Had the aforesaid habeas corpus proceeding been held in the Courts of this Commonwealth, petitioner would be deemed to have finally litigated or waived this issue* and I can see no reason or justification for ignoring Judge LORD's able decision. Furthermore, I believe that in the Opinion of Mr. Justice JONES, one can find a realistic conflict of interest only by a Procrustean stretch. One of the main reasons for the terrific Court backlog is a lack of Public Defenders. Every time two or more defendants are tried together and there is a difference in their past record which might result not in different verdicts but in different sentences, each man (according to the Opinion of Mr. Justice JONES) has to be represented by a different attorney. Where is the Court going to find a sufficient number of lawyers, and where will they get the money to pay for them? For each of these reasons, I find no merit whatsoever in this appeal.

Equally important, I would dismiss the appeal for the following reasons: One of the major reasons for the stupendous workload and the tremendous backlogs in

---

* See Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §4, 19 P.S. §1180-4 (1970 Supp.). See also, *Commonwealth v. Black,* 433 Pa. 150, 249 A. 2d 561 (1969).

72

the Courts today is the number of repetitious appeals and post-conviction hearing petitions which are allowed by the Courts and relief of some kind often granted to a convicted criminal based upon (1) stretched technicalities, and/or (2) his false or highly imaginary alleged facts or (3) novel theories or farfetched deductions set forth by able criminal lawyers and swallowed by the Courts. The time has come, and indeed is long since past, where because of the above mentioned Judicial situation and the protection and safety of the law-abiding public, a convicted criminal who has been represented by a lawyer should, in the absence of exceptional and extraordinary circumstances, be allowed one, and only one, counseled appeal which must be taken within thirty days from the entry of the judgment of sentence,* and one, and only one (counseled) habeas corpus or post-conviction hearing** which must be taken within two years.

---

* This is confirmed by the Act of December 2, 1968, P. L.     , No. 351, §1, 12 P.S. §1111.1 (1970 Supp.), and the Appellate Court Jurisdiction Act of 1970, P. L.     , Article V, Section 502(a), effective September 11, 1970.

** This is confirmed by the Post Conviction Hearing Act, Act of January 25, 1966, supra. See also, *Commonwealth v. Black*, 433 Pa., supra; *Commonwealth v. Johnson*, 431 Pa. 522, 246 A. 2d 345. In the trial and sentencing and in the appeal and in the post-conviction hearing, petitioner is, of course, entitled to be represented by an attorney.