## Commonwealth v. Shank

*John J. Crane,* for Commonwealth.

*Ernest Kardas,* for defendant.

DIGGINS, J., March 30, 1971.—Petitioner, Harry Shank, filed a petition under the Post Conviction Hearing Act containing multiple averments upon which relief was sought. A hearing was held in connection therewith. Thereafter, petitioner filed an amendment to the initial petition, adding thereto a further averment. Petitioner seeks a new trial. Briefs have been filed on behalf of the respective parties, and the matter is now ripe for disposition.

On June 4, 1958, petitioner, while represented by counsel (Arthur Levy, Esq., a Public Defender) entered a plea of guilty to various bills of indictment charging burglary, larceny and conspiracy. Sentence was deferred pending the disposition of other charges and sentencing thereon in Philadelphia County. On June 23 and 24, 1958, one Joseph McGee was tried on the same charges brought against petitioner insofar as they related, inter alia, to a robbery at the Drexelbrook Inn involving three individuals. McGee was also represented by Mr. Levy in his capacity as Public Defender. At the trial of McGee, petitioner testified; the effect of petitioner's testimony was intended to establish that McGee was not present at the time of the Drexelbrook Inn robbery. Further, this testimony admitted petitioner's involvement and guilt on the subject crime. At the conclusion of McGee's trial, petitioner was sentenced to imprisonment for not less than 10 years nor more than 20 years.

Although petitioner has alleged multiple grounds for relief, counsel, in his brief, deals only with one

issue, viz. whether dual representation by counsel, under the circumstances here present, resulted in a conflict of interest so as to vitiate the proceedings against petitioner. Under these circumstances, it is presumed that all other allegations have been abandoned. However, as to the issue remaining for disposition, a close question is presented. For the reasons hereinafter set forth, the undersigned concludes that the issue must be determined adversely to petitioner.

An analysis of the record indicates that petitioner voluntarily testified at the trial of McGee and, in addition, that petitioner desired that McGee be exculpated so that he, McGee, might then be in a position, thereafter, to help him. Further, Mr. Levy, a respected member of this bar, testified that petitioner was fully apprised of his rights and counsel's dual representation. Petitioner insisted, however, at that time, that he was guilty (petitioner was confronted with his signed voluntary confession and other evidence), and thus desired to testify on behalf of McGee. Petitioner was also fully cognizant of the fact that McGee had entered a plea of not guilty. Further, petitioner realized that he had no real possibility of prevailing in the defense of those charges arising from the Drexelbrook Inn robbery.

Petitioner, in support of his contention, relies upon Commonwealth ex rel. Whitling v. Russell, 406 Pa. 45, where the court stated, at pages 48-49:

"If, in the representation of more than one defendant, a conflict of interest arises, the mere existence of such a conflict vitiates the proceedings, even though no *actual* harm results. The potentiality that such harm *may* result, rather than that such harm *did* result, furnishes the appropriate criterion. As pointed out by Judge Montgomery in his dissenting opinion, the Superior Court in Pile v. Thompson, 62 Pa. Superior

Ct. 400, well stated: '. . . the rule is not intended to be remedial of actual wrong, but preventive of the possibility of it.' As well expressed by appellant at the hearing in the court below: 'I don't see how my attorney expected to paint me white and paint Ralph black and get a Not Guilty verdict for us both.'

"In Jedwabny v. Philadelphia Transportation Company, 390 Pa. 231, 135 A.2d 252, a trespass action, in which the trial judge awarded a new trial to appellant because of the existence of a conflict of interest on the part of an attorney, former Chief Justice Jones speaking for this Court stated that an 'attorney cannot serve the opposed interests of his two clients fully and faithfully' and that 'No attorney can serve two opposing litigants any more so than one man can serve two masters.' Accordingly, we held that the action of the trial judge in that civil action was 'affirmatively proper.'

"One of the most important factors in a criminal trial is the attitude of the defendant's counsel and often the strength of the defendant's cause, unfortunately, is judged and gauged by the ability demonstrated by defendant's counsel. We cannot say that counsel in the instant case was not effective. But could he not have been more effective and more able to utilize the evidence if he had not been burdened by the chore of defending two defendants whose positions were inconsistent and at variance? Of necessity, counsel in the instant case had to temper his strategy and tactics to a middle-of-the-road position. From the time of his appointment as counsel for both defendants a conflict of interest arose and the existence of such a conflict alone would justify judicial correction of the situation. Under the instant facts, it is evident that the conflict of interest created by Attorney McGill's appointment as counsel for both defendants

was highly prejudicial to appellant's rights. The very purpose of the rule which prohibits an attorney from representing conflicting interests is to preclude such an attorney from putting himself in a position where he may be required to choose between conflicting duties or to be led to an attempt to reconcile conflicting interests rather than to enforce, to their full extent, the rights of the party whom he should alone represent: 7 C.J.S., Attorney and Client, §47. Under the instant circumstances it is evident that the order of the Superior Court must be reversed."

It is unquestioned that Whitling, supra, has been cited and/or followed in a myriad of subsequent cases, some of which may be characterized as being analogous to the instant matter. See, inter alia, Commonwealth v. Meehan, 409 Pa. 616, Commonwealth v. White, 214 Pa. Superior Ct. 264, Commonwealth v. Burns, 215 Pa. Superior Ct. 333, Commonwealth v. Bostick, 215 Pa. Superior Ct. 488, Commonwealth ex rel. Gass v. Maroney, 208 Pa. Superior Ct. 172, and Commonwealth v. Werner, 217 Pa. Superior Ct. 49.

However, the Whitling rule has been the subject of further refinement by the Supreme Court of Pennsylvania. In Commonwealth v. Williams, 435 Pa. 550, the court, after quoting from Whitling, supra, held, at pages 552-53:

"But, dual representation in itself does not establish a conflict of interest and, as we pointed out in Commonwealth v. Wilson, 429 Pa. 458, 240 A.2d 498 (1968): 'To make dual representation rise to a true conflict, appellant need not show that actual harm resulted, . . . *but he must at least show the possibility of harm, e.g. that he had a defense inconsistent with that advanced by the other client, or that counsel neglected his case in order to give the other client a more spirited defense.*' See also, Commonwealth v.

Resinger, 432 Pa. 398, 248 A.2d 55 (1968). A reading of the instant record readily and clearly discloses that no such 'possibility of harm' resulted from the fact that Arthur was represented by the same lawyer as his brother during the trial." (Italics supplied.)

In Commonwealth v. Wilson, 429 Pa. 458, the Court stated, at pages 463-64:

"Admittedly, Whitling announces the prophylactic rule that whenever a conflict of interest reveals itself to an appellate court the conviction below cannot stand, even though the appellant may have been unable to show that any specific harm befell him at trial. However, one never reaches this prophylactic rule unless and until the defendant can demonstrate that a conflict in fact existed at trial. Unfortunately for appellant, there is no prophylactic rule equating dual representation with conflict of interest. Quite to the contrary, this Court has held that dual representation alone does *not* amount to a conflict of interest. See Commonwealth ex rel. Corbin v. Myers, 419 Pa. 139, 213 A.2d 356 (1965), cert. denied, 386 U.S. 1013, 87 S. Ct. 1361 (1967). To make the dual representation rise to a true conflict, appellant need not show that actual harm resulted, for that would vitiate Whitling but he must at least show the possibility of harm, e.g., that he had a defense inconsistent with that advanced by the other client, or that counsel neglected his case in order to give the other client a more spirited defense. Cf. Commonwealth v. Meehan, 409 Pa. 616, 187 A.2d 579 (1963). In the present case, given the lower court's acceptance of Crippins' testimony that he advised Wilson to enter the plea simply because there was overwhelming evidence of guilt, and because he had bargained away a death sentence, appellant has failed to show conflict of interest.

"Nor has appellant demonstrated to our satisfaction

that Crippins' decision to represent Wilson and Jackson, rather than jettisoning one of them, rendered appellant's representation constitutionally ineffective, as we have defined that term in Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599, 235 A.2d 349 (1967). To constitute ineffective counsel in Pennsylvania it must appear that the conduct of the attorney had no reasonable basis designed to effectuate his client's interest. Realizing as we do the possibility for harm arising from dual representation, we think that a proper application of Washington to any alleged conflict of interest requires a showing that counsel's actions on behalf of his now complaining client would have been sufficient under Washington even had there been no dual representation. Thus, we must ask ourselves: assuming that Mr. Crippins had represented only Wilson, and had still advised him to plead guilty, would this advice have had some reasonable basis designed to effectuate appellant's interest? Applying this test, we think it clear from our prior discussion that counsel here did the very best thing possible for his client, given the overwhelming evidence of guilt. See Commonwealth v. Hill, 427 Pa. 614, 617, 235 A. 2d 347, 349 (1967)."

More recently, in Commonwealth v. Cox, 441 Pa. 64, a divided court stated, at page 69:

"However, the mere fact of dual representation does not per se indicate a true conflict of interest. Commonwealth v. Wilson, 429 Pa. 458, 240 A.2d 498 (1968). We must still determine whether the record indicates that the defendant was adversely affected, i.e., whether he was denied the effective assistance of counsel due to the dual representation. Commonwealth v. Resinger, 432 Pa. 498, 248 A.2d 55 (1968).

See Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599, 235 A.2d 349 (1967).

"A conflict may be established if a defendant can show either: (1) that he had a substantial defense, which was not raised, that was inconsistent with that of his codefendant; or (2) that counsel neglected the defendant's case in order to concentrate on that of his codefendant. Commonwealth v. Wilson, 429 Pa. 458, 463, 240 A.2d 498, 501 (1968). Accord, Commonwealth v. Williams, 435 Pa. 550, 257 A.2d 544 (1969)."

In the instant case, the conclusion is apparent that no true conflict of interest existed. Petitioner had no defense and acknowledged his guilt. Nor is there any indication that counsel neglected petitioner's case in order to concentrate on that of McGee. Moreover, petitioner, by virtue of his admitted guilt, insisted upon attempting to exculpate McGee. There is no indication that petitioner testified at McGee's trial at the request of counsel; rather the contrary appears. Moreover, it appears patent that petitioner would have entered a plea of guilty regardless of whether McGee was or was not represented by the same counsel. Thus, under the facts and circumstances here present, no "possibility of harm" resulted from the dual representation.

Accordingly, the undersigned enters the following

### ORDER

And now, March 30, 1971, upon consideration of the record, and after hearing, it is ordered, adjudged and decreed that the petition under the Post Conviction Hearing Act, as amended, filed on behalf of petitioner, Harry Shank, be and the same is hereby dismissed.